PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA ANN LITTLE, | ) | |
| | ) | CASE NO. 1:14cv2792 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendant. | ) | **ORDER** |

An Administrative Law Judge ("ALJ") denied Plaintiff Patricia Ann Little's claim for supplemental security income ("SSI") benefits after a hearing held on April 1, 2013 in the above-captioned case.  That decision became the final determination of the Commissioner of Social Security when the Appeals Council denied the request to review the ALJ's decision.  The claimant sought judicial review of the Commissioner's decision, and the Court referred the case to Magistrate Judge James R. Knepp, II for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1).  After both parties filed briefs, the magistrate judge submitted a Report and Recommendation reasoning that the Commissioner's decision that Plaintiff is not disabled should be affirmed.  *See* ECF No.16.  Plaintiff filed Objections to the Report and Recommendation.  ECF No. 17.  Defendant filed a Response.  ECF No. 18.  For the reasons that follow, the Court reverses the decision of the Commissioner of Social Security and remands the case to the Commissioner for further proceedings and a new decision.

(1:14cv2792)

# I.

When a magistrate judge submits a Report and Recommendation, the Court is required to conduct a *de novo* review of the portions of the Report and Recommendation to which an appropriate objection has been made. 28 U.S.C. § 636(b). Objections to the Report and Recommendation must be specific, not general, in order to focus the court's attention upon contentious issues. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). The primary issue then becomes whether substantial evidence supports the Commissioner's decision. The Court's review of the Commissioner's decision is limited to determining whether substantial evidence, viewing the record as a whole, supports the findings of the ALJ. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978); *Bartyzel v. Commr of Soc. Sec.*, 74 F. App'x 515, 522–23 (6th Cir. 2003). Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Besaw v. Sec'y of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam).

If substantial evidence supports the Commissioner's decision, a reviewing court must affirm the decision even if it would decide the matter differently. *Cutlip v. Secretary of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983) (per curiam)). Moreover, the decision must be affirmed even if substantial evidence would also support the opposite conclusion. *Mullen v. Bowen*, 800

2

(1:14cv2792)

F.2d 535, 545 (6th Cir. 1986) (en banc).  This "standard allows considerable latitude to administrative decision makers.  It presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts.  An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision."  *Id.* (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).  In determining, however, whether substantial evidence supports the ALJ's findings in the instant matter, the court must examine the record as a whole and take into account what fairly detracts from its weight.  *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).  The court must also consider whether the Commissioner employed the proper legal standards.  *Queen City Home Health Care Co. v. Sullivan*, 978 F.2d 236, 243 (6th Cir. 1992).

To establish disability under the Social Security Act, a claimant must show that she is unable to engage in substantial activity due to the existence of "a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months."  *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The claimant's impairment must prevent her from doing her previous work, as well as any other work existing in significant numbers in the national economy.  42 U.S.C. § 423(d)(2)(A).

In order for the Commissioner to find that a plaintiff suffers from a disability for which she should receive benefits, the plaintiff must be unable to engage in any substantial gainful activity due to the existence of a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous

3

(1:14cv2792)

period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Under 42 U.S.C. § 1381, disabled individuals who meet certain income and resources requirements are entitled to SSI benefits.  20 C.F.R. §§ 416.1100 and 416.1201.

**II.**

Plaintiff lodged the following Objections:

I. The Magistrate Judge incorrectly determined that the ALJ properly evaluated the claimant's fibromyalgia and credibility.

II.  The Magistrate Judge incorrectly determined that the ALJ's RFC was based on substantial evidence.

III.  The Magistrate Judge incorrectly determined that the ALJ properly evaluated other source opinions.

ECF No. 17.  To resolve these Objections, the Court has reviewed the Report and Recommendation (ECF No.16) of the magistrate judge *de novo* as required, and Defendant's Response to Plaintiff's Objections.  ECF No. 18.  Plaintiff's second objection is dispositive of this case.

Plaintiff objects to the magistrate judge's conclusion that substantial evidence supported the residual functional capacity ("RFC") determination that did not include any limitations for Plaintiff's incontinence.  ECF No. 17 at PageID # 809–10.  Plaintiff argues that the state agency reviewers did not discuss the issue of incontinence and, therefore, cannot serve as substantial evidence.  *Id.*  Plaintiff also argues that the state reviewers did not consider other evidence that specifically addresses the severity of her incontinence.  *Id.* at PageID # 810.  Defendant retorts that the ALJ's RFC determination was supported by substantial evidence.  ECF No. 18 at PageID # 816.

4

(1:14cv2792)

"Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).  Relevant to the instant case, Social Security Ruling 96-8P provides:

> In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not "severe." While a "not severe" impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may—when considered with limitations or restrictions due to other impairments—be critical to the outcome of a claim. For example, in combination with limitations imposed by an individual's other impairments, the limitations due to such a not severe impairment may prevent an individual from performing past relevant work or may narrow the range of other work that the individual may still be able to do.

Titles II & XVI: Assessing Residual Functional Capacity in Initial Claims, SSR 96-8P (S.S.A. July 2, 1996).  This, like other social security rulings adopted by the Social Security Administration, is "binding on all components of the Social Security Administration." 20 C.F.R. § 402.35(b)(1) (2004).

Although the ALJ mentioned Plaintiff's incontinence and found it "not severe" (ECF No. 8 at PageID # 53) and later acknowledged that Plaintiff's incontinence was a medically determinable impairment that could cause the alleged symptoms (ECF No. 8 at PageID # 55), the ALJ did not discuss incontinence *at all* when evaluating the intensity, persistence, and limiting effect of her other impairments.  ECF No. 8 at PageID # 55–59.  He totally omitted any evaluation of Plaintiff's impairment due to incontinence from his determination of Plaintiff's RFC.  Per SSR 96-8P, Plaintiff's incontinence, considered on its own, may not significantly limit

(1:14cv2792)

her ability to perform basic work activities; however, it may further limit her functional capacity in conjunction with her other impairments—especially her fibromyalgia, which the ALJ found to be a severe impairment.  ECF No. 8 at PageID # 52.  By omitting any discussion of Plaintiff's incontinence from his RFC determination, the ALJ does not appear to have accurately assessed the full extent of Plaintiff's limitations on her RFC.

The prejudice caused by the ALJ's omission is not a harmless error.  "[A] procedural error is not made harmless simply because [the aggrieved party] appears to have had little chance of success on the merits anyway."  *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546 (6th Cir. 2004) (internal quotation marks omitted).  "To hold otherwise, and to recognize substantial evidence as a defense to non-compliance with [the Social Security Regulations], would afford the Commissioner the ability the violate the regulation with impunity and render the protections promised therein illusory."  *Id.*  The ALJ's RFC determination omitted, without explanation, an impairment that would have placed additional limitations on Plaintiff's ability to work.  This, in turn, erroneously increased the potential number of other jobs in the national economy that Plaintiff could have performed.  Therefore, inasmuch as the ALJ failed to consider limitations imposed by one of Plaintiff's impairments while assessing her RFC, she has been prejudiced on the merits of her claim.  *Bowen*, 478 F.3d at 746.  Remand is required to allow the ALJ to reassess to what extent Plaintiff's residual functional capacity is limited by her incontinence.

**III.**

Plaintiff's second objection to the magistrate judge's report and recommendation is sustained, and the Court rejects the finding that the ALJ's RFC determination is supported by

6

(1:14cv2792)

substantial evidence.  Accordingly, the decision of the Commissioner of Social Security is

reversed and the case remanded for further proceedings consistent with this order.

 

 

      IT IS SO ORDERED.

 

 March 4,  2016                             */s/ Benita Y. Pearson*

Date                                     Benita Y. Pearson

                                           United States District Judge